JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

19-cv-5196

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Voree IT Solutions, LLC

## DEFENDANTS
Cityscape Technologies, LLC; George Martinez Vazquez; Brian DelPercio

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103 (215) 979-1000

Attorneys *(If Known)*
Volpe & Koenig, P.C., 30 South 17th Street, Philadelphia, PA 19103 (215) 568-6400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☒ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Defend Trade Secret Act, 18 U.S.C. sec. 1832, et seq.; Computer Fraud & Abuse Act, 18 U.S.C. sec. 1030 et seq.

Brief description of cause:
injunctive relief requested for misappropriation of trade secrets/unauthorized access to computer systems, inter alia

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
11/04/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lawrence H. Pockers

NOV - 4 2019

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____




**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Voree IT Solutions, LLC, 1601 Walnut Street, Suite 1514, Philadelphia, PA  19102**

Address of Defendant: BRIAN DELPERGIO, 9319 Alton St., Philadelphia, PA 19115  GEORGE MARTINEZ VAZQUEZ, 127 Saddlebrook Drive, Bensalem, PA 19020  CITYSCAPE TECHNOLOGIES, LLC, 6647 Ogontz Ave, Floor 2, Philadelphia, PA 19141

Place of Accident, Incident or Transaction: **1601 Walnut Street, Suite 1514, Philadelphia, PA  19102**

---

*RELATED CASE, IF ANY:*

Case Number: **N/A**          Judge: _____          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/05/2019**          _Must sign here_          **84589**
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☑ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      (Please specify): _____ Defend Trade Secret Act _____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Lawrence H. Pockers** , counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

NOV - 4 2019

DATE **11/05/2019**          _Sign here if applicable_          **84589**
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Voree IT Solutions LLC | : | CIVIL ACTION |
| v. | : | 19    5196 |
| Brian DelPercio, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (✓)

| | | |
|---|---|---|
| November 4, 2019 | Lawrence H. Pockers, Esq. | Voree IT Solutions LLC |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215 979 1153 | 215 979 -1020 | LHockers@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV - 4 2019


American LegalNet, Inc.
www.FormsWorkFlow.com

**DUANE MORRIS LLP**
By:    Lawrence H. Pockers, Esq.
        Emily Kowey Roth, Esq.
        Andrew J. Rudowitz, Esq.
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
Fax: (215) 979-1020
Email: lhpockers@duanemorris.com
        ekroth@duanemorris.com
        ajrudowitz@duanemorris.com
*Attorneys for Plaintiff*
*Voree IT Solutions, LLC*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **VOREE IT SOLUTIONS, LLC** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **INJUNCTIVE RELIEF** |
| | : | **REQUESTED** |
| | : | |
| **BRIAN DELPERCIO** | : | **JURY TRIAL DEMANDED** |
| **9219 Alton Street** | : | |
| **Philadelphia, PA 19115** | : | |
| | : | |
| **GEORGE MARTINEZ VAZQUEZ** | : | |
| **127 Saddlebrook Drive** | : | |
| **Bensalem, PA 19020** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CITYSCAPE TECHNOLOGIES, LLC** | : | |
| **at 6047 Ogontz Avenue, Floor 2,** | : | |
| **Philadelphia, PA 19141** | : | |
| | : | |
| **Defendants.** | : | |

### VERIFIED COMPLAINT

Plaintiff, Voree IT Solutions, LLC ("Plaintiff" or "Voree"), by and through its

undersigned counsel, Duane Morris LLP, hereby files this Verified Complaint for equitable and

other relief against its former employees, Defendant Brian DelPercio ("DelPercio") and George Martinez Vazquez ("Vazquez"), and the new competing IT business they formed, Cityscape Technologies, LLC ("Cityscape").  DelPercio's and Vazquez's employment with Voree ended in June 2019.  Two weeks ago, Voree's owner, Danny Curca, received a telephone call out of the blue from a current Cityscape employee – Defendant Vazquez's *own brother* – advising Curca that Defendants *had real-time access to Voree's emails and marketing information, and were using that access to sabotage Voree's business*.  Voree immediately began to investigate this claim and has since confirmed the truth of – and has forensic evidence to prove – Vazquez's brother's claims.  Whatever the method, Defendants have used their unauthorized access to Voree's computer systems to divert prospective customer leads that came in through Voree's website; undercut the price offered by Voree to prospective customers; steal trade secret and/or confidential information regarding Voree's business; and otherwise sabotage Voree's business.  Defendants' activities are so brazen and beyond the pale that Voree seeks, among other relief, a so-called "production injunction" that would enjoin Defendants from competing in any capacity until a trial on the merits.

## PARTIES

1.      Plaintiff Voree is a Pennsylvania limited liability company that maintains its principal place of business at 2929 Walnut Street, Suite 4514, Philadelphia, Pennsylvania 19104. Voree's sole member is Mr. Curca, a citizen of Pennsylvania.

2.      Defendant DelPercio is an individual and a citizen of the Commonwealth of Pennsylvania, who is last known to reside at 9219 Alton Street, Philadelphia, PA 19115.

3.      Defendant Vazquez is an individual and a citizen of the Commonwealth of Pennsylvania, who is last known to reside at 127 Saddlebrook Drive Bensalem, PA 19020.

2

4.      Defendant Cityscape is a Pennsylvania limited liability company that maintains its principal place of business at 6047 Ogontz Avenue, Floor 2, Philadelphia, PA 19141.  Upon information and belief, DelPercio and Vazquez are the sole members of Cityscape.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to § 28 U.S.C. § 1331 because this Complaint includes claims for Defendants' violations of federal statutes, specifically the Defend Trade Secret Act ("DTSA"), 18 U.S.C. § 1832, *et seq.* and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*

6.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District and a substantial part of the property, intellectual or otherwise, that is the subject of Plaintiff's claims is situated here.

## FACTUAL BACKGROUND

### Voree's Business and Protection of Proprietary, Confidential, and Trade Secret Information

7.      Voree has been in the business of providing information technology services to small and mid-sized businesses since 2006.  Over time, Voree's business has extended beyond the Philadelphia area and today Voree has customers in approximately fifteen (15) different states.

8.      Voree's services cover all aspects of business technology, including comprehensive information technology ("IT") services, cloud solutions, VoIP, CCTV, Virtual Chief Information Officer (vCIO), and IT infrastructure installation and management.

DM1\10086174.5

9.      Approximately 75% of Voree's business involves Voree acting as the outsourced IT department for its customers.  The remainder of Voree's business involves IT-related projects for customers.

10.     Since Voree's inception, it has invested substantial time, money, and effort into developing its business.

11.     The information services industry is both highly competitive and technical.

12.      Maintaining the confidentiality of its information, and the information of its customers, is vital to Voree's competitive position, since customers look to Voree to solve their IT needs.

13.     Voree has a legitimate interest in protecting against the use of its confidential, proprietary, and trade secret information and customer goodwill to unfairly shortcut the time, effort, and expense involved in the traditional business development and sales process to, among other things, target and solicit Voree customers, undercut Voree pricing and capitalize on pending deals.

14.     Accordingly, Voree goes to considerable lengths to protect its trade secrets and other proprietary information.

15.     Those measures include, *inter alia*, password protecting its computers, limiting remote access to data, maintaining security at its facilities, marking certain documents and data as "confidential" or with similar markings, and cultivating a culture where trade secrets and proprietary information belonging to the company are viewed as significant assets, and the protection of the company's trade secrets and proprietary information is an organizational imperative.

DM1\10086174.5

16.     Moreover, under Voree's Employee Handbook, the unauthorized use or possession of property that belongs to Voree and/or the unauthorized use or disclosure of Voree's confidential information can result in termination.

17.     Upon an employee's termination from employment with Voree, Voree immediately terminates the employee's credentials and ability to access Voree's computer systems and other confidential, proprietary, and trade secret information.

18.     In addition, Voree requires certain employees to agree to employment agreements containing post-employment restrictive covenants.

### Vazquez's Employment with Voree

19.     Vazquez became a Voree employee on August 23, 2017.

20.     For nearly two years, Vazquez worked as an IT Support Engineer, and a Help Desk and Project Management and Administrative Assistant to Voree's owner, Danny Curca, and, as a result, had access to Voree's confidential, proprietary, and trade secret information.

21.     Vazquez learned the IT business as a result of his employment with Voree, and he and his family were treated as surrogate family members by Voree's owner, Danny Curca, and his family.

22.     During his two years of employment with Voree, he gained access to and learned a variety of information that Voree considers to constitute its trade secrets, including but not limited to information concerning (a) the identity of Voree's customers, and potential customers they had solicited and/or profiled, including their names and addresses, management executives, account managers and/or contact persons, current business terms and transactions, contract terms, profitability considerations, open sales opportunities, cost sensitivities, growth plans, training techniques, and business efficiencies; (b) Voree's key personnel, including the sales revenue generated, performance, product knowledge, and clientele; (c) Voree's marketing

5

strategies, pricing and packaging structure, schedules and strategies, product design, features and initiatives, discount policies, future business plans, vendor identities, strengths and weaknesses with its customers, and a wide range of profitability and cost considerations; and (d) other business and customer-related information that provides Voree with a significant advantage or "head start" over its competitors (hereinafter collectively referred to as "Voree's Trade Secrets").

23.     On June 6, 2019, the same day that Voree terminated DelPercio's employment, Vazquez abandoned his position at Voree.

24.     Despite Voree's repeated attempts to contact Vazquez, he failed to report to work and/or otherwise communicate with Voree representatives.

25.     As a result of Vazquez's continued failures to report to work and/or otherwise communicate with Voree, Voree suspended Vazquez's access to Voree's computer systems.

26.     Vazquez thereafter resigned his employment with Voree, effective June 23, 2019.

27.     Voree permanently terminated Vazquez's Voree credentials, Voree email account, and his ability to access to its computer systems on June 23, 2019.

### DelPercio's Employment with Voree

28.     Voree offered DelPercio employment as an IT Support Engineer and provided him with an Employee Contract ("Contract") on May 16, 2018.

29.     DelPercio executed the Contract on May 18, 2018 as a condition of his employment. DelPercio began working for Voree on June 5, 2018.

30.     DelPercio worked for Voree from June 5, 2018 until June 6, 2019. During this period, he gained access to and learned Voree's Trade Secrets.

31.     Under the Contract, DelPercio agreed to the following "Non-Compete Agreement":

6

**9. NON-COMPETE AGREEMENT.** Brian recognizes that the various items **of** Information are special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of the Information to Brian, Brian agrees and covenants that for a period of 2 years following the termination of this Contract, whether such termination is voluntary or involuntary, Brian will not directly or indirectly engage in any business competitive with Voree. This covenant shall apply to the geographical area that includes the area within a 100-mile radius of Philadelphia, PA. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of Voree for the benefit of a third party that is engaged in such business. Brian agrees that this non-compete provision will not adversely affect Brian's livelihood.

*See* Agreement, Ex. A, at § 9.

32.     DelPercio also agreed to the following confidentiality provisions:

**7.   CONFIDENTIALITY.**   Brian recognizes that Voree has and will have information regarding the following:

- inventions
- products
- product design
- processes
- technical matters
- trade secrets
- copyrights
- customer and customers lists
- prices
- costs
- discounts
- business affairs
- future plans

and other vital information items (collectively, "Information") which are valuable, special and unique assets of Voree. Brian agrees that Brian will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of Voree. Brian will protect the Information and treat it as strictly confidential. A violation by Brian of this paragraph shall be a material violation of this Contract and will justify legal and/or equitable relief.

**8. CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Contract shall remain in full force and effect for a 2 year period after the voluntary or involuntary termination of Brian 's employment.

7

During such 2 year period, neither party shall make or permit the making of any public announcement or statement of any kind that Brian was formerly employed by or connected with Voree.

*See id.* at §§ 7-8.

33.     DelPercio was also provided with a copy of Voree's Employee Handbook.

34.     DelPercio's position as an IT Support Engineer gave him access to Voree's confidential, proprietary, and trade secret information.

35.     DelPercio's employment with Voree was terminated for cause on June 6, 2019.

36.     Voree terminated DelPercio's Voree credentials, Voree email account, and his ability to access to its computer systems on June 6, 2019.

**Defendants' Termination of Employment and Creation of a Competing Company**

37.     Unbeknownst to Voree at the time, on May 6, 2019, while he and DelPercio were still employed by Voree, Vazquez formed Cityscape, the business that, upon information and belief, he and DelPercio co-own.  Attached as Exhibit "B" is a true and correct copy of Cityscape's Certification of Organization.

38.     Cityscape, like Voree, is an information technology company and is in the business of providing the same information technology services as Voree.

39.     Even before DelPercio's employment was terminated and Vazquez resigned, they began (unbeknownst to Voree at the time) to siphon away business from Voree.

40.     Since May 2019, Cityscape has pirated away 10-12 Voree customers, which, Voree has now confirmed, constitute all but one or two of Cityscape's entire customer base.

**Defendants' Illegal Access to Voree's Marketing Emails**

41.     On October 18, 2019, Danny Curca, Voree's owner, received a phone call out of the blue from Crystian Martinez ("Martinez"), the half-brother of Defendant George Vazquez. Crystian is a current employee of Cityscape.

8

42.     Martinez, who lives in Florida, reported to Curca a story that at first seemed too implausible to believe – that Vazquez and DelPercio had somehow arranged, presumably in the period of time after they formed Cityscape but before their employment with Voree ended – to have continuing access to Voree's marketing emails, and that Defendants were using that access to divert customer leads and other business away from Voree and to Cityscape.

43.     During this initial call, Martinez read to Curca an email that Curca had sent from his Voree email address *days before* – and months after both DelPercio and Vazquez were no longer working for Voree.  Martinez claimed that DelPercio and Vazquez had provided him with access *from his own cell phone* to Voree's email account.

44.     Martinez reported to Curca that he was troubled by what he viewed as "unethical" behavior by DelPercio and Vazquez, and for that reason he was contacting Curca.

45.     Curca did not just take Martinez's word for it.  The next day, Curca flew to Tampa, Florida to meet with Martinez and see for himself whether Martinez was telling the truth.

46.     Curca met with Martinez for approximately four (4) hours on October 19, 2019. During that meeting, Martinez showed Curca a screen shot of Vazquez's phone, *which included a mailbox for Voree's email address*, similar to what one would see on his or her own cell phone for each separate account (*i.e.*, work email, gmail, etc.).

47.     Martinez confirmed to Curca that both DelPercio and Vazquez similarly had access *on their own cell phones* to Voree's email address.

48.     Martinez permitted Curca to copy and/or download certain emails and other materials that DelPercio and Vazquez had deployed on Martinez's phone, demonstrating, among other things, situations in which customer leads that came in to Voree through its web-based lead system were accessed by Defendants.

9

49.     Martinez also permitted Curca to download the "script" from chats among DelPercio, Vazquez and Martinez on WhatsApp *which show DelPercio and Vazquez discussing in real time Voree customer leads and Defendants' plans for converting those leads into Cityscape business.*

50.     Voree has since confirmed one or more instances over the last few months where DelPercio and Vazquez "coincidentally" contacted prospective Voree customers and/or existing Voree customers with a prospective project or business need, just after those prospective and/or existing customers had reached out to Voree for assistance.  Voree's investigation in this regard is just beginning.

51.     Voree shut off both DelPercio's and Vazquez's access to Voree's email system at the time their respective employment with Voree terminated.  Defendants' continuing access to Curca's Voree email account can only be explained by Defendants' use of illicit and unauthorized means.

52.     Upon information and belief, Defendants may also have access to Curca's cell phone and/or iCloud account.

### Voree Requires Injunctive Relief As a Result of Defendants' Conduct

53.     Unless Defendants are temporarily, preliminary, and permanently enjoined from the foregoing conduct, Voree will be irreparably harmed in at least the following ways:

  a.  Complete interruption of its business operations due to the Defendants' illegal access (and the constant threat of Defendants' access) to its computer systems;

  b.  Disclosure and use of its proprietary, confidential, and trade secret information which is solely the property of Voree;

  c.  Loss of confidentiality of the information contained in customers' records, loss of confidentiality of customers' business and financial dealings, loss of confidence and trust of customers, loss of customers' goodwill, and loss of business reputation;

DM1\10086174.5

    d.   Damage to reputation;

    e.   Loss of ability to maintain its office stability, the continuity of its relations with customers, the goodwill of its business, and the conduct of its business operations; and

    f.   Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

54.    Voree has no adequate remedy at law.

55.    Voree will suffer greater injury by the denial of injunctive relief than would be inflicted upon Defendants by the granting of such relief.

56.    The issuance of injunctive relief will serve the public interest in the protection of trade secret business information, enforcement of reasonable contracts, and application of the strictures against computer fraud and abuse.

### COUNT I
### MISAPPROPRIATION OF TRADE SECRETS UNDER
### THE DEFEND TRADE SECRET ACT, 18 U.S.C § 1832, *ET SEQ.*
### (All Defendants)

57.    The foregoing paragraphs are incorporated by reference as if set forth herein.

58.    As explained more fully above, DelPercio and Vazquez acquired access to and knowledge of Voree's Trade Secrets by virtue of their roles as IT Support Engineers at Voree, and through their illicit activities since their employment with Voree ended.

59.    Voree's Trade Secrets include, but are not limited to, compilations of information that derive independent economic value by not being available to the general public, could not be originated by another party, and were compiled at great expense to Voree.

60.    Competitors and intermediaries, such as Defendants, and those working for and/or on behalf of such entities can profit—and are currently profiting—from the use and disclosure of this trade secret information.

11

61.     Voree's Trade Secrets are related to a product or service used in or intended for use in interstate commerce.  Indeed, Voree's business extends beyond Pennsylvania and includes customers in approximately fifteen (15) different states.

62.     Voree has taken reasonable measures under the circumstances to maintain the secrecy of Voree's Trade Secrets.

63.     As set forth at length herein, Defendants have misappropriated Voree's Trade Secrets by using and disclosing, and/or will continue to use and/or disclose, Voree's Trade Secrets to unjustly benefit themselves without Voree's express or implied consent.

64.     Defendants engaged in the foregoing conduct intending or knowing that it would injure and/or harm Voree.

65.     Defendants' conduct has been willful and malicious and undertaken with reckless indifference to Voree's rights.

66.     As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS UNDER THE
## PENNSYLVANIA UNIFORM TRADE SECRETS ACT, 12 PA. C.S. § 5301, *ET SEQ.*
### (All Defendants)

67.     The foregoing paragraphs are incorporated by reference as if set forth herein.

68.     As explained more fully above, DelPercio and Vazquez acquired access to and knowledge of Voree's Trade Secrets by virtue of their roles as IT Support Engineers at Voree, and through their illicit activities since their employment with Voree ended.

69.     Voree's Trade Secrets include compilations of information that derive independent economic value by not being available to the general public, could not be originated by another party, and were compiled at great expense to Voree.

70.     Competitors and intermediaries, such as Defendants, and those working for and/or on behalf of such entities can profit—and are currently profiting—from the use and disclosure of this trade secret information.

71.     Voree has taken reasonable measures under the circumstances to maintain the secrecy of this trade secret information.

72.     As explained more fully above, Defendants have misappropriated Voree's Trade Secrets by using and disclosing, and/or will continue to use and/or disclose, Voree's Trade Secrets to unjustly benefit themselves without Voree's express or implied consent.

73.     Defendants engaged in the foregoing conduct intending or knowing that it would injure and/or harm Voree.

74.     Defendants' conduct has been willful and outrageous and undertaken with reckless indifference to Voree's rights.

75.     As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or

exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

**COUNT III**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. § 1030, *ET SEQ.***
**(All Defendants)**

76.     The foregoing paragraphs are incorporated by reference as if set forth herein.

77.     Defendants have knowingly and intentionally accessed confidential and trade secret information on Voree's computer systems for the express and unauthorized purpose of accessing, downloading, sending, and/or viewing such information.

78.     Upon information and belief, Defendants used illegal means to surreptitiously access Voree's computer systems to and appropriate said information for themselves.

79.     Accordingly, Defendants' access, use, and sending of this information was, and remains, entirely unauthorized, and is detrimental and harmful to Voree.

80.     The computer and computer systems intentionally accessed and used by Defendants were "protected computers" within the meaning of 10 U.S.C. §§ 1030 *et seq.* because they were used in interstate commerce and communication, including for communicating and maintaining information regarding numerous customers and/or customer locations with which Voree was engaged in interstate commerce.  In addition, certain information accessed by Defendants without authorization was transmitted to and through an email and/or computer system based outside of Pennsylvania (specifically, Martinez's cell phone in Florida) and therefore required the interstate transmission and communication of said information.

81.     Upon information and belief, Defendants knowingly and intentionally accessed, used, and sent Voree information, and knowingly and intentionally received said information by computer transmission originating from Voree computer systems.

14

82.     Defendants' actions were intentional and were taken deliberately, maliciously, wantonly, with reckless and deliberate disregard for Voree's lawful rights, and without privilege or justification.

83.     Upon information and belief, Defendants are still actively, in real time, violating the CFAA by continuing to access Voree's computer systems without authorization.

84.     Defendants' conduct has caused and will cause Voree losses amounting to many hundreds of thousands of dollars, and far in excess of the jurisdictional minimum established by the CFAA.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

## COUNT IV
## BREACH OF CONTRACT
### (DelPercio)

85.     The foregoing paragraphs are incorporated by reference as if set forth herein.

86.     As explained more fully above, Voree provided consideration for DelPercio's Employment contract with Voree.

87.     Voree has satisfied all conditions precedent to its obligations to Delpercio under the Employment Contract.

88.     As explained more fully above, DelPercio has breached the terms of his Employment Contract with Voree. *See* Ex. A, at §§ 7-9.

89.     DelPercio has breached his confidentiality, non-compete, and/or non-solicit obligations under the Employment contract, will inevitably continue to violate the confidentiality, non-compete, and non-solicit obligations, and will continue to violate their

15

covenants and confidentiality obligations, by, *inter alia*, accepting/continuing employment with a Voree competitor before the expiration of two years following his termination of employment and within the 100 mile radius, competing against Voree in the same industry and with regard to the same actual and prospective work they performed on behalf of Voree, misappropriating, disclosing, and/or using Voree's confidential, proprietary, and trade secret information, and/or soliciting Voree's current and/or prospective customers.

90.     As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

**COUNT V**
**BREACH OF THE FIDUCIARY DUTY OF LOYALTY**
**(Vazquez and DelPercio)**

91.     The foregoing paragraphs are incorporated by reference as if set forth herein.

92.     Vazquez and DelPercio violated the common law duty of loyalty arising under their employment relationships with Voree.

93.     While employed by Voree, Vazquez and DelPercio knowingly and intentionally schemed to create a competing business, to misappropriate Voree's Trade Secrets and to otherwise act in a manner harmful to Voree, their employer.

94.     Upon information and belief, Vazquez and DelPercio also knowingly and intentionally schemed to surreptiously access Voree's computer system and/or email to divert Voree's prospective and/or existing business while employed by Voree.

16

95.     As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

## COUNT VI
## TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS
### (All Defendants)

96.     The foregoing paragraphs are incorporated by reference as if set forth herein.

97.     Defendants knew of Voree's existing and prospective business relationships because (1) DelPercio and Vazquez serviced these same customer accounts while employed by Voree and (2) Defendants illegally accessed Voree's computer system to gain said information.

98.     Defendants have tortiously interfered with Voree's relationships with its current and prospective customers by using confidential and proprietary information stolen from Voree in a manner that is unfair and unlawful (1) causing Voree's existing customers to terminate, or attempt to terminate or renegotiate, their existing business relationships, and to undercut their relationships, with Voree, and (2) causing Voree's prospective customers to do business with Defendants instead by illegally intercepting correspondence and other information from Voree's computer system.

99.     Defendants have acted with malice and without privilege or justification in interfering with Voree's business relationships.

17

100.    Defendants' interference with Voree's ongoing and prospective business relationships was willful and wanton and has been carried out with specific intent to injure Voree in the conduct of its business.

101.    As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual, incidental and consequential damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

## COUNT VII
## TORTIOUS INTERFERENCE WITH CONTRACT
### (Vazquez and Cityscape)

102.    The foregoing paragraphs are incorporated by reference as if set forth herein.

103.    Voree has an existing contractual relationship with DelPercio, *i.e.*, the Contract.

104.    Vazquez and Cityscape knew of Contract.

105.    Vazquez and Cityscape tortiously interfered with the Contract by hiring him and/or working with him to establish Cityscape, a competitor, in violation of the Contract, and to misappropriate Voree's Trade Secrets and its confidential information.

106.    Vazquez and Cityscape have acted with malice and without privilege or justification in interfering with DelPercio's Contract.

107.    Defendants' interference with Voree's and DelPercio's Contract was willful and wanton and has been carried out with specific intent to injure Voree in the conduct of its business.

108.    As a result, Voree has suffered, and will continue to suffer, substantial and irreparable harm, among other harm.

18

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff temporary, preliminary, and permanent injunctive relief, actual and exemplary damages, punitive or exemplary damages, attorneys' fees and costs, and such other and further relief as the Court deems equitable, just, and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Voree IT Solutions, LLC, demands judgment in its favor and against Defendants and respectfully requests the following relief:

A. Temporary, preliminary, and permanent injunctive relief in the nature of:

    1. Immediately enjoining Defendants from competing with Voree in any capacity, based on Defendants' illicit activities;

    2. Immediately prohibiting Defendants from accessing, viewing, using, or obtaining in any manner, information from Voree's computer systems;

    3. Immediately prohibiting Defendants from using and/or disclosing Voree's confidential, proprietary, and trade secret information; and

    3. Enforcing the terms of Defendant DelPercio's Contract.

B. Other equitable relief, including, without limitation, a constructive trust on all of Defendants' improper earnings and unjust enrichment damages resulting from their wrongful use and/or disclosure of Voree's confidential and trade secret information;

C. Any actual damages, to the extent such damages are capable of being calculated, that Voree is entitled to recover as a result of Defendants' conduct;

D. Exemplary and/or punitive damages as permitted by law;

E. Voree's reasonable attorneys' fees, costs, and expenses; and

F. Such other relief as this Court deems appropriate, including, without limitation, attorneys' fees.

DM1\10086174.5

Respectfully submitted,

**DUANE MORRIS LLP**

Dated: November 4, 2019

30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
Fax: (215) 979-1020
Email: lhpockers@duanemorris.com

*Attorneys for Plaintiff*
*Voree IT Solutions, LLC*

20

## VERIFICATION

I, Danny Curca, in my capacity as owner and principal of Voree IT Solutions, LLC, hereby state that I am familiar with the facts set forth in the foregoing Complaint and that, based on my review of available business records and/or personal knowledge and understanding, the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

This verification is made subject to the penalties of 28 U.S.C. § 1746 for unsworn falsification to authorities.

Danny Curca

Dated: November 4, 2019

# EXHIBIT A

*May 16, 2018*

## EMPLOYMENT CONTRACT

This Employment Contract (this "Contract") is made effective as of August 1st 2017 , by and between Voree IT Solutions ("Voree"), of 2929 Walnut St, Philadelphia, Pennsylvania, 19104 and Brian DelPercio ("Brian"), of _____

A. Voree is engaged in the business of IT Services Brian will primarily perform the job duties at the following location: 2929 Walnut St, Philadelphia, Pennsylvania.

B. Voree desires to have the services of Brian .

C. Brian is an at will employee of Voree. Either party is able to terminate the employment agreement at any time.

Therefore, the parties agree as follows:

### 1. EMPLOYMENT.

Voree shall employ Brian as a(n) IT Support Engineer.
Brian shall provide to Voree the following services:

Provide technical assistance and support for incoming queries and issues related to computer systems, software, and hardware.
Respond to queries either in person or over the phone.
Help with on-site jobs at customer's site including low voltage cabling.
Write training manuals and train computer users.
Maintain daily performance of computer systems.
Respond to email messages for customers seeking help.
Ask questions to determine nature of problem.
Walk customer through problem-solving process.
Install, modify, and repair computer hardware and software.
Clean up computers.

Area Networks (WAN), and other systems.
Install computer peripherals for users
Follow up with customers to ensure issue has been resolved.
Gain feedback from customers about computer usage.
Run reports to determine malfunctions that continue to occur.
Maintain a clean and safe workplace.
Be available for on call after business hours or weekend as needed.
Travel to customers site nationwide when needed.
Brian accepts and agrees to such employment, and agrees to be subject to the general supervision, advice and direction of Voree and Voree's supervisory personnel. Brian shall also perform (i) such other duties as are customarily performed by an employee in a similar position, and (ii) such other and unrelated services and duties as may be assigned to Brian from time to time by Voree.

**2. BEST EFFORTS OF EMPLOYEE.** Brian agrees to perform faithfully, industriously, and to the best of Brian 's ability, experience, and talents, all of the duties that may be required by the express and implicit terms of this Contract, to the reasonable satisfaction of Voree. Such duties shall be provided at such place(s) as the needs, business, or opportunities of Voree may require from time to time.

**3. OWNERSHIP OF SOCIAL MEDIA CONTACTS.** Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, YouTube, or other social media networks) used or created on behalf of Voree are the property of Voree.

**4. COMPENSATION OF EMPLOYEE.**
As compensation for the services provided by Brian under this Contract, Voree will pay Brian an annual salary of $57,000.00 payable on Wednesday of every other week and subject to applicable federal, state, and local withholding.

A $5000 salary increase will be awarded with the completion of 90 working days based on Brian performance during this time.
Brian will be entitled to a one time 50% of the net monthly income any new monthly customers he brings to Voree from his own contacts.

At the completion of the 90 employment days, Voree will also provide medical and dental coverage under the company group policy up $2000 a year.

periods or partial periods that occurred prior to the date of termination and for which Brian has not yet been paid, and for any commission earned in accordance with Voree's customary procedures, if applicable. This section of the Contract is included only for accounting and payroll purposes and should not be construed as establishing a minimum or definite term of employment.

**5. EXPENSE REIMBURSEMENT.** Voree will reimburse Brian for "out-of-pocket" expenses incurred by Brian in accordance with Voree's policies in effect from time to time.

**6. RECOMMENDATIONS FOR IMPROVING OPERATIONS.** Brian shall provide Voree with all information, suggestions, and recommendations regarding Voree's business, of which Brian has knowledge, that will be of benefit to Voree.

**7. CONFIDENTIALITY.** Brian recognizes that Voree has and will have information regarding the following:
- inventions
- products
- product design
- processes
- technical matters
- trade secrets
- copyrights
- customer and customers lists
- prices
- costs
- discounts
- business affairs
- future plans
- _____

and other vital information items (collectively, "Information") which are valuable, special and unique assets of Voree. Brian agrees that Brian will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of Voree. Brian will protect the Information and treat it as strictly confidential. A violation by Brian of this paragraph shall be a material violation of this Contract and will justify legal and/or equitable relief.

**8. CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Contract shall remain in full force and

**9. NON-COMPETE AGREEMENT.** Brian recognizes that the various items of Information are special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of the Information to Brian , Brian agrees and covenants that for a period of 2 years following the termination of this Contract, whether such termination is voluntary or involuntary, Brian will not directly or indirectly engage in any business competitive with Voree. This covenant shall apply to the geographical area that includes the area within a 100-mile radius of Philadelphia, PA. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of Voree for the benefit of a third party that is engaged in such business. Brian agrees that this non-compete provision will not adversely affect Brian 's livelihood.

**10. EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER.** Brian shall not have the right to make any contracts or commitments for or on behalf of Voree without first obtaining the express written consent of Voree.

**11. TERM/TERMINATION.** Brian 's employment under this Contract shall be for an unspecified term on an "at will" basis. This Contract may be terminated by Voree upon no wirtter notice written notice, and by Brian upon 30 day written notice. If Brian is in violation of this Contract, Voree may terminate employment without notice and with compensation to Brian only to the date of such termination. The compensation paid under this Contract shall be Brian 's exclusive remedy.

**12. COMPLIANCE WITH EMPLOYER'S RULES.** Brian agrees to comply with all of the rules and regulations of Voree.

**13. RETURN OF PROPERTY.** Upon termination of this Contract, Brian shall deliver to Voree all property which is Voree's property or related to Voree's business (including keys, records, notes, data, memoranda, models, and equipment) that is in Brian 's possession or under Brian 's control. Such obligation shall be governed by any separate confidentiality or proprietary rights agreement signed by Brian .

**14. NOTICES.** All notices required or permitted under this Contract shall be in writing and shall be deemed delivered when delivered in person or on

Employer:

Voree IT Solutions
Danny Curca
CEO
2929 Walnut St
Suite 4514
Philadelphia, Pennsylvania 19104

Employee:

Brian DelPercio
9219 Alton Street
Philadelphia, PA 19115

Such addresses may be changed from time to time by either party by providing written notice in the manner set forth above.

**15. ENTIRE AGREEMENT.** This Contract contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

**16. AMENDMENT.** This Contract may be modified or amended, if the amendment is made in writing and is signed by both parties.

**17. SEVERABILITY.** If any provisions of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**18. WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

**19. APPLICABLE LAW.** This Contract shall be governed by the laws of the State of Pennsylvania.

capacity. This Contract is effective as of the date first above written.

Case 2:19-cv-05196-JMY   Document 1   Filed 11/04/19   Page 31 of 34

_____ Date: _____
Danny Curca


_____   Date: 5/18/2018
Brian DelPercio

# EXHIBIT B

| |
|---|
| Entity# : 6887179 |
| Date Filed : 05/06/2019 |
| Effective Date : 05/07/2019 |
| Pennsylvania Department of State |

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

☐ Return document by mail to:

George Martinez Vazquez
Name
127 Saddlebrook Drive,
Address
Bensalem          PA          19020
City               State       Zip Code

☐ Return document by email to: _____

**Certificate of Organization Domestic Limited Liability Company**
DSCB:15-8821(rev. 2/2017)

8821

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

**Fee: $125.00**          ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

In compliance with the requirements of 15 Pa.C.S. § 8821 (relating to certificate of organization), the undersigned desiring to organize a limited liability company, hereby certifies that:

1. The name of the limited liability company (designator is required, i.e., "company", "limited" or "limited liability company" or abbreviation):
   Cityscape Technologies LLC

2. *Complete part (a) or (b) – not both:*

   (a) The address of the limited liability company's initial registered office in this Commonwealth is:

   *(post office box alone is not acceptable)*

   | 6047 Ogontz Ave, 2nd Floor | Philadelphia | PA | 19141 | Philadelphia |
   |---|---|---|---|---|
   | Number and Street | City | State | Zip | County |

   (b) name of its commercial registered office provider and the county of venue is:

   c/o:

   | | |
   |---|---|
   | Name of Commercial Registered Office Provider | County |

3. The name of each organizer is (all organizers must sign on page 2):

   | Name | Address |
   |---|---|
   | George L Martinez Vazquez | 127 Saddlebrook Drive , Bensalem , Bucks , PA , United States , 19020 |
   | | |
   | | |
   | | |
   | | |

4. Effective date of Statement of Registration (check, and if appropriate complete, one of the following):

   ☐ The Certification of organization shall be effective upon filing in the Dept of State.

   ☒ The Certification of organization shall be effective on:          5/7/2019          at          12:00 AM

   Date(MM/DD/YYYY)          Hour (if any)

PENN File: May 13, 2019

DSCB: 15-8821-2

5.   **Restricted professional companies only.**

*Check the box if the limited liability company is organized to render a restricted professional service and check the type of restricted professional service(s).*

☐ **The company is a restricted professional company organized to render the following restricted professional service(s):**

☐ **Chiropractic**

☐ **Dentistry**

☐ **Law**

☐ **Medicine and surgery**

☐ **Optometry**

☐ **Osteopathic medicine and surgery**

☐ **Podiatric medicine**

☐ **Public accounting**

☐ **Psychology**

☐ **Veterinary medicine**

6.   **Benefit companies only.**

*Check the box immediately below if the limited liability company is organized as a benefit company:*

☐ **This limited liability company shall have the purpose of creating general public benefit**

Optional specific public benefit purpose.*Check the box immediately below if the benefit company is organized to have one or more specific public benefits and supply the specific public benefit(s).*
*See instructions for examples of specific public benefit.*

☐ **This limited liability company shall have the purpose of creating the enumerated specific public benefit(s):**

_____

_____

_____

7.   **For additional provisions of the certificate, if any, attach an 8½ x 11 sheet.**

IN TESTIMONY WHEREOF, the organizer(s) has (have) signed this Certificate of Organization this 06 day of May , 2019 .

George L Martinez Vazquez
_____
**Signature**